UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
SHRUTI MITTAL,

                Plaintiff,                              **MEMORANDUM & ORDER**

              -against-                             16-CV-3599 (LDH)(LB)

NURUL ABSAR, President, and
NOOR'S HOUSE OF ASIA,

                Defendants.
------------------------------------------------------x
DEARCY HALL, United States District Judge:

       *Pro se* plaintiff Shruti Mittal, the owner of Indian Treat Foods and a citizen of India, brings the instant action against Defendants, a restaurant in Maspeth, New York and its owner, alleging breach of contract. Plaintiff paid the filing fee to commence this action. For the reasons set forth below, the action is dismissed.

## BACKGROUND

       The following facts are drawn from the complaint, the allegations of which are assumed to be true for purposes of this Memorandum and Order. Plaintiff and Defendants formed a contract for the sale of goods by Plaintiff to Defendants. (Compl. 5, ECF No. 1.) Plaintiff delivered the goods as promised. (*Id.*) Defendants breached the contract when they failed to remit valid payment for the goods. (*Id.*) Plaintiff attaches sales orders and commercial invoices showing two shipments and demand for payment in the amounts of $14,998.53 and $19,907.10. (*Id.* Exs. 1-4, at 7-9, 11.) The complaint seeks damages in the amount of $17,452.81, plus the cost of the filing fee and "incidental charges if any in future." (*Id.* at 6.)

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read Plaintiff's *pro se* complaint liberally, interpreting it as raising the strongest arguments it suggests. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (internal citations omitted)); *see also Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191 (2d Cir. 2008) ("When '[a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally.'") (alteration in original). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Ashmore v. Prus,* 510 F. App'x. 47, 48 (2d Cir. 2013) (summary order) ("District courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend."). At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009)). However, the complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## DISCUSSION

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. If the court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *accord. Yong Qin Luo v. Mikel,* 625 F.3d 772, 775 (2d Cir. 2010); *see also Chestnut v. Wells Fargo Bank, N.A.*, No. 11-cv-5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal

pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."). A lack of subject matter jurisdiction "is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier,* 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted).

Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (citation omitted); *see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) ("[W]ith mounting federal case loads, . . . it has become doubly important that the district courts take measures to discover those suits which [do not belong in a federal court] and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of [the minimum statutory jurisdictional amount.]") (omission and parentheticals in original; citation omitted).

Here, Plaintiff asserts diversity jurisdiction over her claims, and the citizenship of the parties is diverse. However, Plaintiff asserts damages under the contract of only $17,452.81 and requests compensation for the filing fee and "incidental charges." On these claims, the Court is not satisfied that it is reasonably probable that plaintiff can recover more than $75,000 in damages and compensation. As Plaintiff has failed to meet the minimum amount in controversy

to establish diversity jurisdiction over the action, the case is dismissed for lack of subject matter jurisdiction. Plaintiff may raise her breach of contract claim in State court.

## CONCLUSION

The Complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____/s/LDH_____
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
        June 14, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
SHRUTI MITTAL,

                 Plaintiff,                 **ORDER & JUDGMENT**

               -against-                 16-CV-3599 (LDH)

NURUL ABSAR, President, and
NOOR'S HOUSE OF ASIA,

               Defendants.
-----------------------------------------------------x

Pursuant to the Order issued by this Court on June 14, 2017, dismissing the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), it is

**ORDERED, ADJUDGED AND DECREED**: That the complaint is hereby dismissed. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from the Court's Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.

                                                      __/s/LDH_____
                                                      L<small>A</small>SHANN D<small>E</small>ARCY HALL
                                                      United States District Judge

Dated:  Brooklyn, New York
          June 14, 2017